UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:22-CR-18-TAV-DCP |
| | ) | |
| CARLOS G. LEWIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Carlos G. Lewis' Motion to Continue Trial [Doc. 228], filed on November 8, 2024.

Defendant requests that the Court continue the December 10, 2024 trial date [Doc. 228]. In support of his motion, Defendant states that his counsel has been involved in a good faith effort to fully resolve the case [*Id.* ¶ 2]. Despite his counsel's due diligence, however, Defendant requires additional time to resolve certain issues necessary for negotiating a fair and reasonable plea agreement [*Id.*]. Defendant asserts that the period of time between filing the instant motion and a rescheduled trial date is fully excludable for speedy trial purposes [*Id.* ¶ 4]. Finally, Defendant's Motion represents that counsel for the Government has no opposition to a proposed continuance of the trial date [*Id.* ¶ 5].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would

both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to resolve issues needed to facilitate negotiating towards a fair and reasonable plea agreement, engage in such negotiations, and, if such negotiations are not fruitful, otherwise prepare for trial. The Court finds that all of this cannot occur before the December 10, 2024 trial date.

The Court therefore **GRANTS** Defendant Carlos G. Lewis' Motion to Continue Trial [**Doc. 228**]. The trial of this case is reset to **April 8, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on November 8, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Carlos G. Lewis' Motion to Continue Trial [**Doc. 228**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **April 8, 2025, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **November 8, 2024**, and the new trial date of **April 8, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 10, 2025**;

(5) the deadline for filing motions *in limine* is **March 24, 2025**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **March 25, 2025, at 2:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **March 28, 2025**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge