UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:22-CR-18-TAV-DCP |
| | ) | |
| CARLOS G. LEWIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Carlos G. Lewis's Motion to Continue Trial [Doc. 238], filed on November 21, 2025.

Defendant requests the Court to continue the trial date, set for December 16, 2025 [*Id.* at 1]. In support of his motion, Defendant states that his counsel has been involved in a good faith effort to resolve his case, but despite counsel's due diligence, additional time is needed to resolve certain issues in order to facilitate a potential plea agreement [*Id.* ¶ 2]. Defendant's motion reflects that the Government does not oppose the continuance [*Id.* ¶ 5]. Defendant's counsel confirmed via email that Defendant had been advised of his speedy trial rights and waived the impact of the continuance on those rights.

Based on the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). In consideration of these factors, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the

reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant needs the additional time to receive and consider a formal plea offer, and if that does not resolve the case, otherwise prepare for trial. The Court finds that all of this cannot occur before the December 16, 2025 trial date.

The Court therefore **GRANTS** Defendant Carlos G. Lewis's Motion to Continue Trial [**Doc. 238**]. The trial of this case is reset to **May 12, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on November 21, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Carlos G. Lewis's Motion to Continue Trial [**Doc. 238**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **May 12, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **November 21, 2025**, and the new trial date of **May 12, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 10, 2026**;

(5) the deadline for filing motions *in limine* is **April 27, 2026**. Responses to motions *in limine* are due on or before **May 5, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **April 21, 2026, at 1:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 1, 2026.**

**IT IS SO ORDERED.**

                                          ENTER:

                                          Debra C. Poplin
                                          United States Magistrate Judge