UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:22-CR-18-TAV-DCP |
| | ) | |
| CARLOS G. LEWIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Carlos G. Lewis's Motion to Continue Trial [Doc. 247], which was filed on September 8, 2026.

Defendant Lewis asks the Court to continue the trial date in his case [*Id.*]. In support, he states his counsel has been involved in a good faith effort to resolve the case, but additional time is required to resolve certain issues to facilitate a fair and reasonable potential plea agreement [*Id.* ¶ 2]. Defendant states a continuance will permit the parties a final opportunity to make a full resolution of the matter and will serve the ends of justice in that the need for additional time to fairly and reasonably resolve the case outweighs the best interests of the public and the defendant in a speedy trial [*Id.* ¶ 3]. Defendant understands that the period of time between the filing of his motion and a rescheduled court date will be fully excludable for speedy trial purposes [*Id.* ¶ 4]. Defendant also states that counsel for the Government has no opposition to the proposed continuance [*Id.* ¶ 5].

Based upon the information in Defendant's motion and because the Government does not oppose a continuance, the Court finds the ends of justice served by granting a continuance outweighs the interests of the defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, Defendant needs additional time for his counsel and counsel for the Government to engage in plea negotiations. The Court finds that this cannot occur before the October 6, 2026, trial date.

The Court therefore **GRANTS** Defendant Lewis's Motion to Continue Trial [**Doc. 247**]. The trial date is reset to **January 12, 2027**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on September 8, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Lewis's Motion to Continue Trial [**Doc. 247**] is **GRANTED**;

(2) the trial date is reset to commence on **January 12, 2027, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **September 8, 2026**, and the new trial date of **January 12, 2027**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 14, 2026**;

(5) the deadline for filing motions *in limine* is **December 28, 2026**, and responses to motions *in limine* are due on or before **January 4, 2027**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **December 29, 2026, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 4, 2027**.

**IT IS SO ORDERED.**

ENTER:

______________________________
Debra C. Poplin
United States Magistrate Judge